UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :   Civ. No. 3:17CV00542(AWT)
JASON R. LABER                :
                              :
v.                            :
                              :
LONG VIEW R.V., INC. d/b/a    :   December 28, 2017
LONG VIEW RV SUPERSTORE,      :
et al.                        :
                              :
------------------------------x

**ORDER RE PLAINTIFF'S MOTION TO COMPEL [#45] AND DEFENDANTS' CROSS MOTION [#51]**

On October 30, 2017, plaintiff filed a Motion to Compel seeking an order directing defendant Long View R.V., Inc. ("Long View") to permit an inspection and road test of the vehicle at issue in this matter. [Doc. #45]. In response, defendants filed an Opposition to Plaintiff's Motion to Compel and Cross Motion for an Order for Inspection. [Doc. #51]. Plaintiff filed a Reply. [Doc. #54]. For the reasons set forth below, plaintiff's motion to compel is **GRANTED** and defendants' cross motion is **DENIED**.

**I.  BACKGROUND**

Plaintiff alleges that the 2017 Thor Miramar 34.3 ("the RV") he purchased from Long View on or about June 9, 2016, was delivered with defects. See Doc. #1 at 2. Plaintiff notified defendants of the alleged defects, and defendants took possession of the RV and attempted to repair it. See id. at 3-4.

Ultimately, plaintiff refused to retake possession of the RV from Long View after determining that the RV's slide-out system had not been repaired. See id. at 4. Plaintiff alleges that on February 23, 2017, he "served written notice on the defendants that [he] revoked acceptance of the RV." Id. On April 3, 2017, plaintiff filed this action seeking damages stemming from his purchase of the RV. See id.

On October 30, 2017, plaintiff filed a motion to compel, see Doc. #45, which was referred to the undersigned by Judge Alvin W. Thompson, see Doc. #46. Plaintiff asks the Court to issue an order directing Long View to permit plaintiff's expert witness, Thomas Bailey, to inspect the RV and conduct a road test utilizing Long View's dealer plates. See Doc. #45.

In response, defendants filed "Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Compel and in Support of Defendants' Cross Motion for an Order for Inspection." Doc. #51-5. Defendants do not contend that plaintiff's requests to inspect the RV and conduct a road test are beyond the scope and limits of permissible discovery set forth in Rule 26(b) of the Federal Rules of Civil Procedure. See id. Rather, defendants' cross motion asks the Court to impose certain restrictions and limits on plaintiff's inspection of the RV and to prohibit the road test unless the RV is properly registered and insured. See id. Accordingly, the Court construes defendants' cross motion as

a motion for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

On December 12, 2017, the Court held a telephonic status conference with counsel for all parties and informed them of its intentions regarding the cross motions to compel and for protective order. See Doc. #59. The parties requested more time to address the remaining issues pertaining to insurance and the timing of the inspection. Therefore, the Court entered an Order requiring the parties to file a joint notice regarding the status of these issues. See id. The parties filed a joint statement on December 22, 2017, which indicated that plaintiff has secured adequate insurance for the road test, and that the parties have agreed to a procedure for the inspection and scheduled it for January 12, 2018. See Doc. #61.

## II. **LEGAL STANDARD**

Rule 34(a) of the Federal Rules of Civil Procedure states that "[a] party may serve on any other party a request within the scope of Rule 26(b) ... to produce and permit the requesting party or its representative to inspect, copy, test, or sample [any designated tangible things] in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

A party may seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including[:] ... (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted[.]"

Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). The burden of showing good cause for the issuance of a protective order falls on the party seeking the order. See Brown v. Astoria Fed. Sav. & Loan Ass'n, 444 F. App'x 504, 505 (2d Cir. 2011). "To establish good cause under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."

Jerolimo v. Physicians for Women, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006) (citations and quotation marks omitted).

III. **DISCUSSION**

   **A. Inspection**

Defendants ask the Court to require that the inspection of the RV be conducted jointly, restricted to the operation of the slide-out system, and limited to eight hours. See Doc. #51-5 at 2. However, the parties seem to have resolved these issues without Court intervention, as they filed a joint statement indicating that they "have agreed upon a procedure for the inspection." Doc. #61 at 1. To the extent any of these issues remain unresolved, defendants have failed to meet their burden of showing good cause for the issuance of a protective order pertaining to plaintiff's inspection of the RV.

Defendants argue that the inspection should be conducted jointly because "[p]laintiff's expert has been convicted of crimes including mail fraud" and they "are concerned that he will contrive additional defects when he inspects the RV." Doc. #51-5 at 2. In response, plaintiff argues that the expert's conviction took place in 1989, that the conviction was unrelated to his current occupation, and that defendants cite no support for their claim that he will fabricate defects. See Doc. #54 at 3. Plaintiff "does not object to the presence of the defendants' counsel or expert during the inspection," Doc. #45-1 at 7, and

notes that "defendants and their attorneys and expert are free to observe and videotape the inspection," Doc. #54 at 3-4. The Court finds that defendants have failed to meet their burden of showing good cause to require a joint inspection, as any concerns regarding plaintiff's expert can be addressed by monitoring the inspection either in person or via video.

Defendants further contend that the inspection should "be restricted to operation of the slide-out system[,]" because plaintiff admits defendants repaired the other defects and "[t]he slide-out defect is the only basis Plaintiff gave for abandoning the RV at Long View's dealership." Doc. #51-5 at 2. Plaintiff responds that "there is no basis to limit the inspection to the slide-out system[,]" and that they should be permitted to discover other defects that may exist. Doc. #54 at 3. Defendants do not allege a sufficient basis to limit the scope of the inspection to the slide-out system. Defendants do not argue that the slide-out system is the only potential defect relevant to plaintiff's claims, nor do they contend that allowing a full inspection would subject them to annoyance, embarrassment, oppression, or undue burden or expense.

Finally, defendants assert that the inspection should be limited to "no more than eight hours," because this "would give [plaintiff's expert] ample time to inspect the allegedly defective slide-out system." Doc. #51-5 at 2-3. The parties seem

to agree that eight hours is sufficient, as plaintiff has indicated that the entire inspection is expected to last "less than five hours." Doc. #45-1 at 10. Therefore, this issue is moot.

Accordingly, plaintiff's motion to compel an inspection of the RV is **GRANTED**, and defendants' cross motion for an order of inspection, which the Court construes as a motion for a protective order, is **DENIED**.

**B. Road Test**

Defendants have also failed to meet their burden of showing good cause to prohibit a road test entirely. First, defendants raised concerns in their filings that plaintiff had not provided proof of insurance for the road test, that plaintiff's insurance application indicated "the RV is principally garaged in Massachusetts when Plaintiff abandoned it at Long View's dealership in Connecticut," and that plaintiff "fail[ed] to state that a policy would afford additional insured coverage to Plaintiff's secured creditor, defendant Ally Bank." Doc. #51-5 at 4. However, the parties indicated in their joint statement that plaintiff has now secured insurance that addresses defendants' concerns. See Doc. #61 at 1. Consequently, the Court does not find good cause to issue a protective order on the basis of inadequate insurance for the road test.

Defendants also argue that Long View cannot put dealer

plates on the RV for a road test because "the RV belongs to Plaintiff" until it is determined whether plaintiff's revocation of acceptance of the RV was justified. Doc. 51-5 at 3-4. Plaintiff asserts that Long View owns the RV because plaintiff revoked his acceptance, regardless of whether the revocation was justified. See Doc. #45-1 at 9.

The relevant Connecticut dealer plate statute provides that "[n]o dealer or repairer may loan a motor vehicle or number plate or both to any person except for ... the purpose of demonstration of a motor vehicle owned by such dealer[.]" Conn. Gen. Stat. §14-60. The purpose of the dealer plate statute is to ensure that all cars on the road are registered, and it sets limits to ensure that the privilege of using dealer plates is not abused. See State v. Baron Motors, Inc., 199 A.2d 355, 357 (Conn. Cir. Ct. 1964) ("The purpose of these provisions is to make effective the statutory provision to require the registration of motor vehicles and to prevent avoidance thereof."); Whitfield v. Empire Mut. Ins. Co., 356 A.2d 139, 144 (Conn. 1975) (upholding the constitutionality of the statute and indicating its purpose is to clarify which party's insurance covers in case of an accident). The statute does not contemplate a dispute over ownership of the vehicle, as is present here. In this instance, the very limited scope of the proposed use, coupled with the fact that plaintiff has obtained insurance, is

sufficient to satisfy the purpose of the statute. And while the Court does not find it is necessary to determine ownership of the RV at this time, plaintiff has sufficiently alleged that ownership passed to Long View when he revoked his acceptance to bring this situation within the scope of Conn. Gen. Stat. §14-60. Therefore, defendant's concerns regarding registration of the RV do not constitute good cause to prohibit the road test.

Accordingly, plaintiff's motion to compel a road test of the RV is **GRANTED,** and defendants' cross-motion seeking to prohibit any road test is **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, plaintiff's Motion to Compel [Doc. #45] is **GRANTED** and defendants' Cross Motion [Doc. #51] is **DENIED.** Defendants shall permit plaintiff's expert to inspect the RV and conduct a road test utilizing Long View's dealer plates.

This is not a Recommended Ruling. This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 28th day of December, 2017.

                                             /s/
                               HON. SARAH A. L. MERRIAM
                               UNITED STATES MAGISTRATE JUDGE